UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON J. TAYLOR,

      Plaintiff,

v.

                        Civil Action No. 05-1519 (una)

DEPARTMENT OF MOTOR
VWHICLE, et al.,

      Defendants.

_____/

### NOTICE OF APPEAL

    The plaintiff respectfully submits this Notice of Appeal to this Honorable Court, for the sole reason of appealling the dismissed "Memorandum Opinion Order filed on July 29th, 2005 and denied on July 13th, 2005 by the district Judge. This case also involve Judge Thomas F. Hogan denying the plaintiff access to a "Federal Forum" and preventing the plaintiff from exposing state officials engaging into a Grand "EXTORTION-RING. Further-more, the plaintiff contends that he has presented a federal cause of action, that the district court should had review and there is no other federal or state court in the District of Columbia that will honor the Civil Statute 42 U.S.C. § 1983. See Civil Action 05-0711. The plaintiff's First Amendment Rights has been "BOY-COTT" by two (2) Federal Judges, that has "BREACHED" their "SWORN OATH" in official office and Mr. Taylor has litigated this kind of

RECEIVED

AUG 2 - 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

"JUDICIAL ESTOPPEL" before against judge James Robertson. <u>See</u>
<u>Taylor</u> v. <u>U.S. Probation Office</u>, <u>et al.</u>, D.C. Circuit, Appeal
No. 03-5370 (decided on June 3rd, 2005).

These named and other un-named judges had stood on post
in this District Court for any litigation that Mr. Taylor had
filed and will continue to file within the near future, that
involve governmental corruption. Code of Judicial Conduct, A.B.A.
Standard Canon Code Number 3 (1) states that:

> " A Judge should be faithful to the law and
> maintain professional competence in it. He
> should be " UNSWAYED" by partisan interests,
> public clamor, or fear of criticism.

The Canons of Professional Ethics must be enforce by the
courts and must be respected by members of the Bar, if they are
to maintain public confidence in the integrity and impartiality
of the administration of justice. <u>In re Meeker</u>, 76 N.M. 354, 357,
414 P. 2d 862, 864 (1996) appeal dismissed, 383 U.S. 499 (1997).

Article III Judges cannot put a closure on the statute Title
42 U.S.C. § 1983, 28 U.S.C. § 1331, 1361, 1651, 1291, 2254, 2255,
2243, 2241, 18 U.S.C. § 3742 and D.C. Code § 23-110 or 16-1901,
overriding what Congress intended, because it will amount to a
clear-cut "Obstruction of Justice" by official judges, pursuant to
Title 18 U.S.C. § 1503. See <u>U.S.</u> v. <u>North</u>, 910 F. 2d. 843, (D.C.
Cir. 1990). <u>In Re Scott</u>, 709 F. 2d 717, 719 (D.C. Cir. 1988)
failure to prvide a hearing or considered an improper fact in
evaluating the merits of the motion.

Prejudice will be shown in plain view on the record or arise from the failure to consider a claim that result in a substantial "Miscarriage of Justice."  See <u>Freeman</u> v. <u>Lane</u>, 962 F. 2d 1252 (7th Cir. 1992). See also, <u>Hill</u> v. <u>U.S</u>., 368 U.S. 424, 428, 7 L. Ed. 2d 417, 82 S. Ct. 468.

Judge Thomas F. Hogan was under a legal obligation to review and rule professionally on Mr. Taylor's entire "Law Suit" and give him an opportunity to "AMEND" his complaint, as the same go for judge _____. These "Issues Presented For Review" sustain a Federal Question for both above judges within this District Court, but was arbitrarily denied under "JUDICIAL BIAS," as stated below:

1.   Whether the Department of Motor Vehicle officials
     can exercise judicial function over the citizen in
     the United States of America ?

2.   Whether the respondents can show cause that Mr. Taylor
     was ever indicted by a "GRAND JURY" on a Civil Charge,
     before his D.C. License was suspended ?

3.   Whether Law Enforcement officials can extort money from
     detain prisoners confine in their police station ?

4.   Whether the D.C. Mayor is responsible for his lower
     officials enforcing bad policies against Mr. Taylor
     that had deprived him of his due process rights, life
     and personal property of 75 dollars and double ticket
     fines, in violation of the Double Jeopardy Clause ?

5.   Whether this Honorable Court have subject matter
     jurisdiction to "STRIKE" the unlaw Fully Rules
     regulations and statutes that was granted by Congress
     for the D.C. Government to operate in bad faith ?

-3-

JUDGES STATEMENT WHY THIS CASE WAS DISMISSED

Although plaintiff has filed his claim under 42 U.S.C.
§ 1983, the complaint does not allege violation of any con-
stitutional right.  Even when read with the liberal interpret-
ation given to pro se complaints, see <u>Haines</u> v. <u>Kerner</u>, 404
U.S. 519, 520 (1972), the complaint does not allege any violation
of federal law.  Because Plaintiff's claims are not based on
federal law, the only basis for this Court's jurisdiction would
be diversity of citizenship, 28 U.S.C. § 1332(a).  Plaintiff and
defendants are in different states, but plaintiff does not allege
that he seeks damages in the required jurisdictional amount of
75,000.

PLAINTIFF NOW PROTEST THE ABOVE DISMISSAL

Mr. Taylor had raised a "Cause of Action" against the named
respondents that they have an unlawful policy to had "FREEZE" his
Driver License for Fairfax County, Virginia, due to a 300.00 dollars
Court Assessment Fine which was "SILENTLY" imposed in Mr. Taylor's
Criminal Offense.  This was an outstanding federal question for the
District Court judges and a "JUXTAPOSED-SENTENCE" in violation of
Mr. Taylor's Fifth Amendment Rights.  Mr. Taylor had raise a double
jeopardy claim against the respondents, which compelled Mr. Taylor
to pay traffic ticket within a period of 15 days and then double the
fine for failure to meet that above "Dead Line". See original com-
plaint on page no. 5, at facts number 8.

## WHETHER RESTITUTION OR COURT ASSESSMENT
## FINES VIOLATES THE DOUBLE JEOPARDY CLAUSE

Federal and state judges lacks subject matter jurisdiction
to impose a restitutional fine and a Court Assessment fine in a
"criminal prosecution", because it invade the Federal Constitution
of the Double Jeopardy Clause and placed an "ENCROACHMENT" on the
prisoner's or citizen's 8th Amendment Rights, as well as placed
the person in an "INVOLUNTARY SERVITUDE" for the lower court judges.
Furthermore, the deprivation of personal property is being seized
unlawfully.  This constitute a "FRAUD UPON THE COURT" taking place
in the lower courts in disguise.

The Fifth Amendment of the Federal Constitution legally prohibit
the court from imposing consecutive sentences, suchas a Civil and
Criminal penal for the same offense, specific guarantee agaist the
double jeopardy provision, constituting a clear-cut claim that will
result to a "JUXTAPOSED-SENTENCE".  See Halper v. U.S., 490 U.S.
435, 446-48, 109 S. Ct. 1892, 1900-02, 104 L. Ed. 2d 487, 500-02
(1989);  Hudson v. U.S., 522 U.S. _____, 118 S. Ct. 488, 139 L. Ed.
2d 450 (1997): and also, see Whalen v. U.S.., 445 US 684, 63 L. Ed.
2d 715, 100 S. Ct. 1432. Moreover, the sentencing judge's failure
to ensure that defendant understood order of restitution was possi-
ble punishment under plea agreement was not harmless error.  U.S.
v. Showerman, 68 F. 3d 1524 (2nd Cir. 1995). The above appellant/
plaintiff Fifth Amendment arguments above, cannot be disputed by
the respondents attorney or any Circuit judges and the judgment
of the lower court, must be reverse as expediously requested.

WHETHER COURT ASSESSMENT AND COMMUNITY SERVICE
RAISE A VALID CLAIM UNDER THE 13th AMENDMENT

When Article III Judges seeks to impose a Court Assessment
Fine or Community Service release condition on a person, it
surely result to "FREE-LABOR" for the Sentencing Court and for
someone's job business, whereas the person/defendant "EARN-WAGES"
is paid to the Clerk of the Court, pursuant to his or her written
"JUDGMENT AND COMMITMENT ORDER."  It is well settled under the
law by Congress, that "INVOLUNTARY SLAVERY" should not exist in
any part of the United States. See Griffin v. Breckenridge, 403
U.S. 88, 29 L. Ed. 2d 338, 350, 91 S. Ct. 1790.  U.S. v. Kozminski,
487 U.S. 931, 101 L. Ed. 2s 788, 106 S. Ct. 2751 (1988). Article
III Judges knows when a person Constitutional Rights has been solely
violated in their courtroom and they must master the Constitution,
Criminal and Civil rules, when they had been appointed to sit on
the bench.  Article III Judges legal duty is to uphold the law in
"GOOD FAITH" and not suppose to rule contrary to the law, pursuant
to Title 28 U.S.C. § 453.  This claim above now falls squarely
within the zone of judges violating the "SEPARATION OF POWER",
because Congress had "ABOLISHED" involuntary slavery, but judges
had found "SHAM-LAWS" to slaved citizens within the United States
of America and the "Victim Crime Act" has nothing to do with Court
Assessment Fines, whereas the legislative intent of Congres had
been "WHITE-WASHED AND AMBUSHED."  See Mistreta v. U.S., 488 U.S.
361;  and see also, U.S. v. Estrada, 680 F. Supp. 1312 (1988).

## WHETHER APPELLATE COURTS SHOULD INVESTIGATE
## A FRAUD IN THE PROCUREMENT OF A JUDGMENT

It is beyond question that a federal court may investigate
a question as to whether there was fraud in the procurement of a
judgment.  Universal Oil Products Co. v. Root Refining Co, 328
U.S. 575, 66 S. Ct. 1176, 90 L. Ed. 1447.  This is to be done in
adversary proceedings as in the case before us.  See Hazel-Atlas
Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct. 997,
88 L. Ed. 1250;  Sprague v. Ticonic National Bank, 307 U.S. 161,
59 S. Ct. 777, 83 L. Ed. 1184;  and United States v. Throckmorton,
98 U.S. 61, 25 L. Ed. 93.  Fraud on the court (other than fraud as
to jurisdiction) is fraud which is directed to the judicial machinery
itself and is not fraud between the parties or fraudulent documents,
false statements or perjury.  It is thus fraud where the court or a
member is corrupted or influenced or is attempted his judicial
function -- thus where the impartial functions of the court have
been directly corrupted.  The basic decision of the Supreme Court
are throckmorton, Hazel-Atlas, and Universal Oil Products, cited
above.  These cases considered the basic issues raised in cases to
set aside judgments and demonstrate with Marshal v. Holmes, 141 U.S.
589, 12 S. Ct. 62, 35 L. Ed. 870, the nature of the fraud and the
proof required for relief as set out in the preceeding paragraph.
The Criminal Rule No. 52(B) gives power the any court to address
issues under the "PLAIN ERROR DOCTRINE" and the Civil Rule No. 60(b)
does not impose a time limit on motions asserting fraud on the court.
The rule also, of course, recites that it does not limit the power of
the courts to consider independent actions to Relieve a party from a

judgment, mainly when the facts does result to "JUDICIAL BIAS

AND COLLATERAL ESTOPPEL."  While the doctrine of collateral

estoppel is applicable to criminal cases as a matter of common

law, Bowling v. State, [298 Md. 396,] 470 A. 2s 797 (Md 1984),

and the principle is embodied in the Fifth Amendment against

double jeopardy.  Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189,

25 L. Ed. 2d 469 (1970).

WHETHER JUDICIAL BIAS AND ESTOPPEL HAS DENIED
THE APPELLANT ACCESS TO A FEDERAL OR STATE
FORUM, THAT INVOLVE A FEDERAL QUESTION ON THE MERITS

    In most cases, suchas this case at bar, when a pro se

petitioner had raised a claim of "CORRUPTION" against govern-

mental officials.  Prosecutors and judges both have a strong

tendency to raise a procedure rule, failure to state a claim

for which relief can be granted, pursuant to the Civil Rule

No. 12(b)(6), FAILURE TO STATE A BASIS FOR FEDERAL COURT JURIS-

DICTION, and they both alter the law in bad faith, to protect

law suits filed against the government.  Interference with the

"ORDERLY USE OF COURT-HOUSE FACILITIES" by court officials is

no more than an intent "OBSTRUCTION OF JUSTICE", in violation

of 18 U.S.C. 1503 and 18 U.S.C. § 1512 (b)(2)(A) and (B).  As

to picketing a litigation is a "FORECLOSURE" of a person said

constitutional rights.  See Cameron v. Johnson, 20 L. Ed. 2d

182, ( a state criminal statute prohibing, among other things,

picketing in such a manner as to "OBSTRUCT OR UNREASONABLE

INTERFERE WITH FREE INGRESS OR EGRESS TO AND FROM ANY COURT-

- 8 -

HOUSE" or other public buildings is not so broad, vague, indefinite, and lacking in definitely ascertainable standards as to be unconstitutional on its face; it is not so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application; it clearly and precisely delineates its reach in words of common understanding; it is a precise and narrowly drawn regulatory statute evincing a legislative judgment that certain specific conduct be prescribed; and it is not void for overbreadth, but is a valid law dealing with conduct subject to regulation so as to vindicate important interests of society. See U.S. v. Horace Johnson, 390 US 563, 20 L. Ed. 2d 132, 88 S. Ct. 1231. See also; Food Employee v. Logan Valley, 20 L. Ed. 2d 603. Futhermore, "BOY COTTING" a litigation by a judge, prosecutor or defense attorney is a pure "COVER-UP" and a foreclosure of a person's constitutional rights. See Bell v. City of Milwaukee, 746 F. 2d. 1205, 1261 (7th Cir. 1984). The Supreme Court Justice had established the law, that this violated the principle that, "the state and it's officers may not abridge or impair petitioner's right to apply to a Federal Court for a Writ of Habeas Corpus. See Bounds v. Smith, 430 U.S. 817, 52 L Ed 2d 72, 78, 97 S. Ct. 1491. However, a plaintiff need not 'first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights. See Boggs v. Bowron, 842 F. Supp. (D.D.C. 1993) at 547. Steffel v. Thompson, 39 L Ed 2d 505 (1994).

WHETHER THE LOWER COURT HAD PROPER SUBJECT
MATTER JURISDICTION AND ABUSED ITS DISCRETION
ARBITRARILY, WHEN FAILED TO REVIEW THE MERITS.

The existence of subject matter jurisdiction is a question
of law reviewed de novo. Valdez v. United States, 56 F. 3d 1177,
1179 (9th Cir. 1995). The district court's factual findings on
all jurisdictional issues must be accepted unless clearly erroneous.
Nikes, Inc. v. Commercial Iberica de Exclusions, 20 F. 3d 987. 990
(9th Cir. 1994). The appellant had proceeded further in filing
his pro se complaints without imposing counsel. A pro se pleading
or breif are held to a "less stringent standard than pleading
drafted by attorney." See Haines v. Kerner, 30 L. Ed. 2d 652 (1972).
Johnson v. Gibson, 14 F. 3rd 61,64 (D.C. Cir. 1994). Taylor v.
U.S. Probation Office, et al., Appeal No. 30-5370 (decide June 3rd,
2005). As the Fourth Circuit stated in Russell v. Oliver, 552 F.
2d. 115, 116 (4th Cir. 1977), a liberal construction of a pro se com-
plaint " requires that the judge view all of the allegations not as
isolated incidents, but rather as a unit. Analyzed in this manner,
looking only to the complaint and in considering or not considering
the attachments to the complaint which are referred to in the com-
plaint and filed with this court as part of plaintiff's complaint,
and presuming the factual allegations are true, it is clear that
the appellant's original complaint should had been heard on the
merits, as justice requires.

A judge without jurisdiction is no more than a man in the street. What his view may be with respect to a given issue presented to him or her are but of passing moment. Jurisdiction either exists or it does not. The issue of jurisdiction can be raised at any time, even, as has been said, on a petition for a rehearing after a unanimous decision by the Supreme Court. See City of Indianapolis v. Chase National Bank, 314 U.S. 63, 6 ., 62 S. Ct. 15, 16, 86 L. Ed. 47, reh'g denied, 314 U.S. 714, 62 S. Ct. 135, see also, 86 L. Ed 589 (1941). Challenges to a subject matter jurisdiction can be raised for first time on appeal. See also, 83 F. 3ed 482. Furthermore, when a judge seeks to delay a Civil Action or Criminal prosecution on purpose, causes extreme prejudice to the petitioner/plaintiff and the unreasonable delays constitute "IRREPARABLE HARM", as well as "BAD FAITH" among judges. See In Re Barr Labe, Inc., 930 F. 2d 72, 76 (D.C. Cir.)(citing In Re Monroe Communications Corp., 840 F. 2d 942, 946-47 (D.C. Cir. 1988); IMC, 885 F. Supp. at 1367 (changes in original)( quoting Cutler v. Hayes, 818 F. 2d 879 (D.C. Cir.) and see also, Barker v. Wingo, Supreme Court cite. Article III judges are not immune from Criminal Prosecution, Impeachment Purposes or Civil Liability, when their actions are contrary to the law. See U.S. v. Lee, 106 U.S. 196, 220, 127 L. Ed. 171, 1 S. Ct. 240 (1882). See also, Butz v. Economus, 57 L. Ed 2d 895.

The question remaining is, whether there has been an
abused of discretion, and [that issue] is to be determined
in accordance with familiar principles governing the exercise
of judicial discretion.  That exercise implies conscientious
judgment, not arbitrary action.  This Honorable Court have
jurisdiction to review [ the appellant's] claim only to the
extent he alleges that [ Governmental Officials] has violated
the Constitution or acted 'beyond the scope of discretion
granted by Congress.'  Id . at 60, quoting Wallace v. Christensen,
802 F. 2d 1539, 1551 (9th Cir. 1986). In this case at bar, the
standard of judicial review is whether the agency's action is
" arbitrary, capricious, an abused of discretion, or otherwise
not in accordance with the law."  5 U.S.C. § 706 (2)(A) (1976).
Abuse of discretion may be found "only if there is no evidence
to support the decision or if the decision is based on an improper
understanding of the law. Song Jook Suh v. Rosenberg, 437 F. 2d
1098, 1102 (9th Cir. 1971).  When federal protected rights have
been invaded, ... courts will be alert to adjust their remedies
so as to grant the necessary relief. Id., 403 U.S. at 292, 91
S. Ct. at 2002 (quoting Bell v. Hood, 327 U.S. 678, 684, 66 S. Ct.
773, 776-77, 90 L. Ed. 939 (1946).  State courts, equally with
federal courts, are under an obligation to guard and enforce every
right secured by the federal constitution. Mooney v. Holohan,
294 U.S. 103, 55 S. Ct. 340, 3 L. Ed. 604.

## WHETHER THE LOWER COURT JUDGE HAD
## VIOLATED HIS JUDICIAL CANON CODES

The sole issue raised by this appeal is whether the conduct of--a trial judge's impartiality and personal bias against the appellant, hindered him from petition the lower court for redress on his outstanding claims.  This appeal may asks whether such an outcome--denying the appellant access to any federal forum to hear his claims--is actually required by Supreme Court precedent or whether the lower court can entertain his civil rights at all. A violation of Canon 3 (c)(1) of the Code of Judicial Conduct, which provides in relevant part:

> " A judge should disqualify himself or herself
> in a proceeding in which his impartiality
> might reasonably be questioned."

In this case at bar, the issue of partiality has been broadly publicized, and the claim of bias cannot be labelled as frivolous and deferred until final appeal.  "[P]ublic confidence in the courts [requires] that such a question be disposed of at the earliest possible opportunity. in re Union Leader Corp., 242 F. 2d 381, 384 (1st Cir.), cert. denied, 368 U.S. 927, 82 S. Ct. 361, 7 L. Ed. 2d 190 (1961).

Disciplinary Rules that court officials must follow
in accordance to Canon Code No.3, as stated below:

> " A Lawyer, a law firm, a judge and also
> Law Enforcement agents shall not vio-
> late a disciplinary rule, circumvent a
> Disciplinary Rule through actions of
> another, Engage in illegal conduct in-
> volving moral turpitude, and Engage in
> conduct involving dishonesty, fraud,
> deceit, or misrepresentation, or Engage
> conduct that is prejudicial to the
> administration of justice.

Federal judges are bound by the Constitution to faith-
fully protect the intergrity of the law and any "BAD PROVISION
OF THE LAW", should not be executed on any citizen of the
United States of America.   Article VI stipulates below:

> " This Constitution, and the Laws of the
> United States which shall be made and
> Pursuance thereof;  under the Authority
> of the United States, shall be the Supreme
> Law of the Land, and the Judges in every
> State shall be bound thereby, any Thing
> in the Constitution or Laws of any State
> to the Contrary notwithstanding.

In <u>Butz</u> v. <u>Economou</u>, stated only last Term:

> " Our system of jurisprudence rest on the
> assumption that all individuals, whatever
> their position in government, are subject
> to federal law:  No man in this country is
> so high that he is above the law. No officer
> of the law may set that law at defiance
> with impunity.  All officers of the govern-
> ment, from the highest to the lowest, are
> creatures of the law, and are bound to obey
> it."  57 L. Ed 2d 895.

- 14 -

" A fair trial in a fair tribunal is a basic requirement of due process. " In re Murchison, 349, 349 U.S. 133, 75 S. Ct. 623, 625, 99 L. Ed. 942 (1955)." It is "unrealistic" to expect a district or state judge will render a binding judgment on a claim against himself, as "no man can be a judge in his own case." In re Murchison, 249 U.S. 133, 75 S.Ct. 623, 625, 99 L. Ed 942. Thus, a litigant is entitled to try his case before a judge who is free of any personal stake in the outcome. Tumey v. Ohio, 273 U.S. 510, 532, 47 S. Ct 437, 444, 71 L. Ed 749 (1927).

Thus, judge's performance may be objectively unreasonable when a judge, <u>he or she misinterpret the law on purpose</u>, <u>pervert justice</u>, <u>foreclose the avenue to a Federal Forum</u> and <u>suspend a Civil Law Suit or Writ of Habeas Corpus</u>. Furthermore, such objectively unreasonable performance is prejudice when there is a reasonable probability that the appellant will win his case on the merits. See Smith v. Massey, 235 F. 3d 1259, (10 Cir. 2001). To the contrary, the Judges has taken a "SWORN OATH" to uphold the law, pursuant to Title 28 U.S.C. § 453, which states below:

> " EACH JUSTICE OR JUDGE OF THE UNITED SHALL TAKE THE FOLLOWING OATH OR AFFIRMATION BEFORE PERFORMING THE DUTIES OF HIS OFFICE: "I, _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all duties incumbent upon me as _____, under the Constitution and laws of the United States, So help me God."

## WHETHER THE JUDGE HAD PUNISHED THE APPELLANT
## FOR EXERCISING HIS CONSTITUTIONAL RIGHTS

When a plaintiff brings an action under 42 U.S.C. § 1983
for procedural due process violations, he must show that the
state deprived him of a constitutionally protected interest in
" life, liberty or property" without due process of law. Zinermon
v. Burch, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed 2d
100 (1990) (citing Parratt v. Taylor, 451 U.S. 527, 537, 101 S.
Ct. 1908, 1914, 68 L. Ed. 2d 420 (1981). Article III Judges can-
not deprive the appellant/petitioner of rights, privileges or
immunities secured by the Constitution or laws of the United
States.  See Chiplin Enters v. City of Lebanon, 712 F. 2d 1524,
1526-27 (1st Cir. 1983).  When a judge seeks to deprive a person
of a constitutional protected interest in life, liberty or proper-
ty, the judge clearly violates the Criminal statute Title 18 U.S.C.
§ 241, 242 and most of all Title 18 U.S.C. § 371, which ties the
judge into a "SECRET CONSPIRACY" among co-officials. The court
below flouted the statutory mandate for a prompt § 42 U.S.C. §
1983 hearing.  Moreover, denying the requested "JURY TRIAL" for
the defendants named in this case.  Dismissing the original com-
plaint for "EXERCISING A PERSON'S CONSTITUTIONAL RIGHTS", con-
stitute a 'gross miscarriage of justice by a judge ina BLACK-ROBE,
and the appellant's personal injury remain to be in "LIMBO-STATUS"
of the Court of Appeals for the D.C. Circuit.

With respect to allegations of retaliation or retaliatory
misconduct made by court officials or Law Enforcement Agents,
all appellate-courts must observed that the ultimate facts of
retaliation for the exercise of a constitutionally protected
rarely can be supported with direct evidence of intent that can
be pled in a complaint; see e.g., Buise v. Hudkins, 584 F. 2d
223 223 (7th Cir. 1978). court have found sufficient complaints
that allege a chronology of events from which retaliation may
be inferred.

      The chronology of events in appellant's case is as follow:

                (a).  The appellant had made a substantial showing
that the D.C. Department of Motor Vehicle officials
could not had suspend his driver license based on
a written letter from Fairfax County, Virginia,
when that criminal case had been expired in a one
(1) year period (2003) and the 300.00 dollars fine
was imposed in violation of the double jeopardy
clause.  (b)  As to reviewing this case on the merits,
this appellate-court will discover that Mr. Taylor
has never been tried by a "Jury of His Peers" in
Fairfax County Court or the courts within the District
of Columbia, for a "CIVIL JUDGMENT" to support the
defendants unlawful misconduct "STATUTORY-EXTORTION,"
under D.C. Code Statutes, adminstrative rules and
regulations, which has set the laws in defiance.

## CONCLUSION

In support of this appeal, the appellant will attach
two (2) data sheet from the DMV Computer machine, that shows
that they been forcing him to pay double on traffic-tickets,
because of an Administrative 15 Days "DEAD-LINE", which is
founded to be unconstitutional in this case/Notice of Appeal
The record of the proceedings in Fairfax County Court, clearly
indicated that Mr. Taylor was only order to serve 10 Days in
jail, one (1) year "UN-SUPERVISE PROBATION TERM" and there was
no Court Assessment Fine ever stipulated on the court's entire
record, but Mr, Taylor had to pay 1,200 dollars to get out of jail
on "BOND." The United States Supreme Court decided in Beamden
v. Georgia, 461 U.S. 660; then the Eighth Circuit in Lincoln v.
_____, 12 F. 3rd 133, each reached the same conclusion
that, a defendant cannot be constitutionally incarcerated because
he cannot pay a fine through no fault of his own.

The appellant (Mr. Taylor) remains to be in a "HOMELESS"
situation, because he cannot obtain proper identification from
the Department of Motor Vehicle, so that he could obtained a
good job, when the normal procedure is that, a person must have
proper I.D., a Birth Certificate and a Social Security Card to
prove his U.S. Citizenship, and there is a great possibility that
a police officer may stop him on the street, request for his I.D.
and if Mr. Taylor has no I.D., they will take him in the police
station for a "FINGER-PRINT". This constitute pure harassment
as well as physical and psychological punishment.

- 18 -

This appeal cause for a Writ of Mandamus, because an appeal on the merits has already been brief in this "NOTICE OF APPEAL" and Taylor v. U.S. Probation Office, et al., 03-5370 (D.C. Cir. 2005) had decided "SUBJECT MATTER JURISDICTION", but this case squarely falls into the realm of Judicial Bias. Furthermore, Judge Gladys Kessler had personally disposed of Mr. Taylor's Civil Action case No. 00-0827 on purpose, when the issues did substain a conspiracy among federal officials, which that case was never review on the merits also and she had "MOOTED" Mr. Taylor's criminal case no. 97-0035, which substantiate a claim for "ENTRAPMENT DEFENSE", BREACHED OF THE GOVERNMENT's CONTRACT, unconstitutional restitutional fine and Court Assessment Fine also etc., This named judges had played "TAG-TEAM PARTNERS" among each other, whereas those claims for deprivation of Mr. Taylor's Liberty Interest was "WHITE-WASHED" on purposes by federal judges.

The appellant respectfully request that this Honorable Court will "CONSTRUE" this Notice of Appeal to an "EXTRAORDINARY WRIT OF MANDAMUS", compel these lower court judges to hear Mr. Taylor's Law Suits, obey the law as justice requires and to respect Mr. Taylor's "SUPREME-DEGREES" for filing "PRO SE" litigant filing pleadings. The appellant has no other means of relief, but to petition this Higher Court to address his merits in this case. This appeal is govern by Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1801).

8/23/2005

Respectfully submitted,

*Milton J. Taylor*

MILTON JOSEPH TAYLOR

1175 STEVENS Rd. S.E.

WASH., D.C. 20020

- 19 -

```
   01-21           WASHINGTON D.C.        01/28/2000  01:01PM        PAGE   1

L _ DETAIL  DC579868331              R TAYLOR,MILTON J
EN   8    570.00    MOVE ARC         1175 STEVENS RD SE

RK   3    200.00                     WASHINGTON        DC            ALT
                            TOTAL DUE   570.00

CKET NBR.   ISSUED   MAKE STAT VIOL  COLL   PENLTY   PAID     DUE  HEAR/LTR DISP
========  ========  ==== ==== ====  =====  ======  ======  ======  ======= ====
4572493   03/01/96  CHEV  N   T672  $100   $100     $0     $200  09/05/97   33*
4247680   02/07/92  CHRY  H   T183  $25    $25      $0     $50   04/07/92
5077950   01/17/92  CHRY  H   T065  $25    $25      $0     $50   03/17/92
4931133   06/30/91  FORD  H   T128  $50    $50      $0     $100  08/27/91
1034100   02/25/79  PLYM  H   T560  $20    $20      $0     $40   04/24/80
4148503   05/01/79  PONT  H   T107  $25    $25      $0     $50   05/06/87   05*
5280952   10/02/79  DODG  H   T113  $25    $25      $0     $50   04/24/80
4248146   04/27/79  PONT  H   T119  $15    $15      $0     $30   04/24/80


EY:  1    3    5    7    8   10   11      12    | A-ADJ H-HEAR D-DIS C-CORR
     HELP END  ADD  TOP FWRD LEFT RIGHT COMPLETE | P-PAY S-SUSP X-DET M-MET
```

```
        01-21          WASHINGTON D.C.          01/28/2000  01:01PM      PAGE    1
RLL __ DETAIL  DC 547773      04/14/1992 R TAYLOR, MILTON J
JPEN    4    360.00   PARK ARC            1175 STEVENS RD SE
:OOT    4    360.00   BOOT ELIGIBLE
                                          WASH.           DC 20020-5850
                                  TOTAL DUE    360.00

ICKET NBR.   ISSUED   MAKE STAT VIOL  COLL  PENLTY  PAID   DUE  HEAR/LTR DISP
==========  ========  ==== ==== ====  =====  ======  =====  =====  ========= ====
35105254   08/03/92 MERC   L   P031   $50    $55    $0   $105 07/27/95
32355131   07/30/92 MERC   L   P112   $50    $55    $0   $105 07/27/95
01684641   07/08/92 MERC   L   P050   $20    $25    $0    $45 07/27/95
01677070   06/26/92 MERC   L   P113   $50    $55    $0   $105 07/27/95

KEY:  1    3    5    7   '8   10   11      12   | A-ADJ H-HEAR D-DIS C-CORR
O __ HELP END  ADD  TOP FWRD LEFT RIGHT COMPLETE | P-PAY S-SUSP X-DET M-MET
```

Government of the District of Columb
Department of Public Works
Bureau of Adjudication
65 K Street, N.E.
Washington, D.C. 20002-4216

No. A9

# HEARING RECORD

RESPONDENT'S NAME: TAYLOR,MILTON J  CASE : 0 11034 100

VEHICLE ST PLATE :  PERMIT: DC 579868331

DATE OF HEARING : 05/28/87  TIME: 3:15  ROOM : 1

| NOTICE OF INFRACTION | INFRACTION | PRIOR DISP | PLEA | IO | DISPO | FINE | PENALTY | DUE | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| A) 011034100 | UNAPPROV AU | | 3 | | 21 | | | | |
| B) 015280952 | SIGNAL PASS | | 3 | | 21 | | | | |
| C) 014248146 | SPEED 11-15 | | 3 | | 21 | | | | |

TOTAL DUE: $

STATEMENT OF FACT: (A) -(C) Deny- Issuing officer NOT Available - Retired.

FINDINGS OF FACT: (A) -(C) D.C. Law Prohibits speeding Passing a Red Light and unauthorized use of a Automobile Issuing officer NOT Available - Retired.

CONCLUSIONS OF LAW: A B C Dismissed

If Found Liable, Payment is due immediately.

☐ Tow Upheld ☐ Boot Upheld
☐ Tow Release ☐ Boot Release

SIGNATURE: H.E.

SIGNATURE: H.C.

